## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff,* | |
| vs. | Case No. 23-10025-EFM |
| BRIAN A. RICHARDS, | |
| *Defendant.* | |

### MEMORANDUM AND ORDER

On March 21, 2023, Defendant was indicted for bank robbery alleged to have occurred March 16, 2023.  Defendant was arrested six days later.  On May 24, the Court ordered that Defendant be committed to the custody of the Bureau of Prisons ("BOP") so that the BOP might conduct a psychological examination to determine whether Defendant is competent to stand trial. Defendant was remanded to the custody of the United States Bureau of Prisons for an evaluation to determine his competency on May 24, 2023.  He was returned to local custody of the United States Marshal on August 21, 2023, but without a report from the BOP.  On September 14, the BOP Forensic Psychologist notified the Court that the report had been delayed, and she estimated a report would be provided by September 28, 2023.  The Court spoke with the Psychologist today,

and while she was not prepared to issue a final opinion regarding competency she did indicate that there were obvious concerns.

The U.S. Marshal notified the Court that, on August 31, 2023, shortly after his return to local custody, the Defendant began a hunger strike. On September 6, 2023, the Court was notified that he had been taken to a local hospital for dehydration, given fluids, and returned to custody. On September 10, 2023, the Court was notified that Defendant was refusing food other than Gatorade and water, and that "until his lawyer and the judge are arrested, and he gets his justice he will not eat." Over the weekend, the Court was advised that Defendant has continued his hunger strike, was again taken to the hospital, and that his health has greatly deteriorated and yet he persists. The hospital indicated that Defendant was refusing nutrition and hydration, but that absent a Court order it could not force nutrition or hydration upon him. Absent such an order, the Defendant is at risk of dying of dehydration or starvation.

The Supreme Court has recognized a person's liberty interest in the right to privacy, including the right to refuse medical treatment.[1] This right, however, is not limitless, a fact especially true for inmates within the BOP.[2] To be sure, not every circuit has addressed a prisoner's right to go on a hunger strike. Of those that have, the majority concluded that "[o]ther compelling governmental interests, such as the preservation of life, prevention of suicide, and enforcement of prison security, order, and discipline, outweigh the constitutional rights" claimed by prisoners on hunger strikes.[3] Thus, "[t]he mere allegation of forced-feeding does not describe

---

[1] *See Cruzan by Cruzan v. Dir., Missouri Dep't of Health*, 497 U.S. 261, 278–79 (1990).

[2] *See, e.g.*, *Cummings v. Ellsworth Corr. Facility*, 511 F. App'x 808, 812 (10th Cir. 2013).

[3] *Grand Jury Subpoena John Doe v. United States*, 150 F.3d 170, 172 (2d Cir. 1998); Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992); *Walker v. Horn*, 385 F.3d 321, 337 (3d Cir. 2004); *Freeman v. Berge*, 441 F.3d 543, 546 (7th Cir. 2006); *Aamer v. Obama*, 742 F.3d 1023, 1040–41 (D.C. Cir. 2014).

a constitutional violation."[4]   Furthermore, federal regulations specifically authorize medical treatment for prisoners on hunger strikes without the prisoners' consent if there is "a medical necessity for immediate treatment of a life or health threatening situation."[5]

Given the emergency situation at hand, the Court concludes that the state interests in preserving Defendant's life outweighs any interest in his right to refuse medical treatment, particularly when such refusal is at risk of Defendant's death.  Accordingly, as authorized by 28 C.F.R. § 549.65(c), the Court orders the U. S. Marshals to force feed Defendant.

**IT IS THEREFORE ORDERED** that the U. S. Marshal is authorized to cause force-feeding of Defendant until the assigned physician orders that Defendant be released from hunger strike evaluation and treatment as per 28 C.F.R. § 549.66**.**

**IT IS SO ORDERED.**

Dated this 25th day of September, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] *Martinez*, 977 F.2d at 423.

[5] 28 C.F.R. § 549.65(c).

-3-