# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

BRIAN A. RICHARDS,

    *Defendant*.

Case No. 23-CR-10025-EFM

## MEMORANDUM AND ORDER

    Before the Court the Government requests an order requiring the involuntary medication treatment of Defendant Brian A. Richards. The Government contends that it has met its burden of establishing the four-part test required by *Sell v. United States*[1] to warrant Defendant's involuntary administration of antipsychotic drugs needed to restore him to competency. For the following reasons, the Court orders Defendant's involuntary treatment.

    On March 21, 2023, Defendant was indicted on a single count of bank robbery in violation of 18 U.S.C. § 2133(a). On May 24, 2023, the Court ordered that Defendant undergo a competency evaluation, during which the psychologist at the Bureau of Prisons ("BOP") opined that Defendant was not competent to stand trial. After reviewing the psychologist's report, the Court ordered that Defendant undergo competency restoration treatment. As part of that restoration treatment, BOP

---

[1] 539 U.S. 166 (2003).

psychologists opined that there is a substantial probability that Defendant would be restored to competency with psychotropic medication. Defendant refuses to take psychotropic medication.

In *Sell v. United States*, the Supreme Court established a four-part test to determine when it would be permissible for "the Government involuntarily to administer antipsychotic drugs to a mentally ill defendant facing serious criminal charges in order to render that defendant competent to stand trial."[2] "First, a court must find that important governmental interests are at stake."[3] "Second, the court must conclude that involuntary medication will significantly further those concomitant state interests."[4] "Third, the court must conclude that involuntary medication is necessary to further those interests."[5] "Fourth, . . . the court must conclude that administration of the drugs is medically appropriate, i.e., in the patient's best medical interest in light of his medical condition."[6]

On October 9, 2024, the Government filed a motion asking this Court to rule on the first *Sell* element—i.e., that important governmental interests warrant involuntary treatment of Defendant to restore him to competency. On December 18, 2024, the Court granted the Government's motion and found that an important Government interest existed sufficient to consider whether involuntary medication was warranted. However, the Court also ordered BOP to submit an addendum to Defendant's forensic evaluation to facilitate a full *Sell* hearing and resolve the remaining three elements. On January 13, 2025, Dr. Charles Cloutier, a BOP psychiatrist,

---

[2] *Id.* at 179.

[3] *Id*. at 180.

[4] *Id*. at 181.

[5] *Id*.

[6] *Id*.

submitted a Forensic Evaluation Addendum regarding Defendant's mental state, proposed treatment plan, and medication recommendation.

On February 12, 2025, the Court held an evidentiary hearing to determine whether it should require the involuntary treatment of Defendant to restore him to competency. During the hearing, the Court heard from Dr. Cloutier who testified, consistent with his report, that with "reasonable medical certainty" (1) the administration of involuntary antipsychotic medication to Defendant is substantially likely to render him competent to stand trial and is substantially unlikely to interfere with his ability to assist his counsel or result in other serious side effects; (2) less intrusive treatments will not achieve the same results; (3) Defendant needs antipsychotic treatment in order for his competency to be restored; (4) it is clinically appropriate and indicated to treat Defendant's psychotic illness with antipsychotic medication; and (5) Defendant's treatment plan is in his best medical interest.

Dr. Cloutier recommended a 4–8 month treatment plan with periodic reports assessing Defendant's progress. He explained the benefits and risks associated with the specific medications he recommended. Dr. Cloutier proposed mitigating the risks by careful medical evaluation, close observation, starting the medications at a low dose, and using adjunctive medication (if necessary) to treat side effects. He assured that no side effects would affect Defendant's ability to work with counsel or adversely affect his appearance or functioning in court.

Defendant also testified at the hearing. He objected to the Government's request on religious grounds. When asked to elaborate, he stated that he has no religious objection to taking medication if the Court ordered it, but that he will not take medication voluntarily because doing so would be "deceitful to God." He explained that the voices in his head are real, he knows that "voice-to-skull technology" exists, and he is a victim of "gang stalking." Defendant believes that

by taking medication freely, he would be attempting to suppress these experiences and effectively admitting to being delusional. Since he does not believe he is delusional, admitting that he is would be a lie.

Based on this testimony and Dr. Cloutier's written report, the Court finds that the Government has met its burden of establishing permissible means under *Sell* for the involuntary administration of antipsychotic drugs to Defendant. Given the significant likelihood that the doctor's proposed treatment plan will render Defendant competent to stand trial, the Court authorizes the involuntary administration of medication to Defendant to restore his competency.

**IT IS THEREFORE ORDERED** that medical professionals at FMC Butner are hereby authorized to treat Defendant with the oral formulation of Olanzapine in accordance with prevailing medical standards and the treatment plan that Dr. Cloutier presented to this Court.

**IT IS FURTHER ORDERED** that if Defendant refuses to take the antipsychotic medication recommended by medical professionals at FMC Butner, those medical professionals are hereby authorized to treat Defendant, without his consent, with the antipsychotic Haloperidol and any medically necessary adjunctive medications for the purpose of restoring Defendant to competency.

**IT IS FURTHER ORDERED** that no later than **April 10, 2025**, the director of FMC Butner shall file a status report with this Court regarding Defendant's treatment progress, and shall state therein whether, in the opinion of mental health professionals, Defendant is likely to be restored to competency. As necessary, subsequent status reports shall be filed thereafter in two-month intervals.

**IT IS FURTHER ORDERED** that if at any point FMC Butner medical professionals determine that Defendant has recovered to such an extent that he is able to understand the nature

and consequences of the proceedings against him and to properly assist in his defense, the director of FMC Butner shall promptly provide a certificate to that effect to the Clerk of this Court, Defendant's counsel, and Government's counsel. Upon receipt of that certificate, the Court will promptly schedule a hearing to assess whether Defendant is competent to participate in these proceedings.

**IT IS SO ORDERED.**

Dated this 14th day of February, 2025.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE